**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **BROCHA FISCHMAN AND SAADIA FISCHMAN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SPINNAKER INSURANCE COMPANY,**<br><br>**Defendant,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 8:26-cv-2415** |

# COMPLAINT

COME NOW, Plaintiffs, Brocha Fischman and Saadia Fischman ("Plaintiffs"), by and through their undersigned attorneys, and for their causes of action against Defendant Spinnaker Insurance Company ("Defendant"), state and allege as follows:

## PARTIES

1. At all times material hereto, Plaintiffs are individuals who reside in and are domiciled in Hillsborough County, Florida, and are citizens of Florida.

2. Defendant is incorporated in Illinois, with its principal place of business in Chicago, Illinois.

3. Defendant is authorized to transact insurance business in Florida as a foreign insurance company.

## JURISDICTION AND VENUE

4. This is an action for damages in excess of $75,000, exclusive of interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs are citizens of Florida, and Defendant is a citizen of Illinois.

6. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391 because the insured Property is located in Hillsborough County, Florida, and a substantial part of the events or omissions giving rise to the claim occurred within this District and Division.

7. Plaintiffs own the property located at 16668 Carlton Pond St, Wimauma, Florida 33598 ("the Property").

**FACTS**

8. In consideration for the premiums paid prior to October 9, 2024, Defendant issued a residential insurance policy for the Property bearing policy number PBFL-10378889-02 ("the Policy") for the policy period from August 12, 2024, through August 12, 2025 ("the Policy Period"). A copy of the Policy is attached hereto and incorporated herein as Exhibit "A."

9. The Policy reflected the parties' agreement, wherein Defendant agreed to make payment in the event of a covered loss, risk and/or peril, in consideration for the premium paid by Plaintiffs.

10. At all times material hereto, Plaintiffs timely paid, and Defendant accepted, consideration in the form of premium payments.

11. On or about October 9, 2024 (the "Date of Loss"), Hurricane Milton seriously damaged the Property.

12. At all times material hereto, Plaintiffs owned the Property up to and including on the Date of Loss.

13. Plaintiffs promptly reported the loss to and filed a claim with Defendant.

14. Defendant acknowledged the claim and assigned claim number 25PRFL603793603 (hereinafter "the Claim").

15. Defendant was afforded the opportunity to fully inspect the Claim, investigate the cause of the Claim, and quantify the amount of the Claim.

16. Defendant inspected the Property in its investigation of the Claim.

17. Plaintiffs, by and through Plaintiffs' agents, submitted to Defendant an independent evaluation of the damage ("the Estimate") and a Sworn Statement in Proof of Loss.

18. The Estimate describes repairs, remediation, construction, mitigation, cleaning and/or other services that are necessary to remediate the damage caused by the storm and return the Property to its pre-loss condition.

19. On or about January 20, 2026, Defendant denied coverage for Plaintiffs' Claim, thereby refusing to pay any insurance benefits to Plaintiffs for Plaintiffs' Claim.

20. Defendant was furnished with timely notice of the Claim, proof of loss, and a demand for payment, but Defendant has refused, and continues to refuse, to pay the insurance benefits due under the Policy.

21. The loss occurred during the Policy Period.

22. Plaintiffs have performed all of their duties and obligations under the Policy.

23. The loss was not caused by repeated seepage or leakage; age-related seam deterioration, prior repairs, or degradation; wear, tear, marring, or deterioration; inherent vice, latent defect, or mechanical breakdown; preexisting damage; or faulty, inadequate, or defective

planning, design, specifications, workmanship, repair, maintenance, construction, renovation, remodeling, grading, or compaction.

24. Hurricanes are covered perils under the Policy, and the covered damage sustained by Plaintiffs' Property was directly caused by Hurricane Milton.

25. All conditions precedent to coverage under the Policy have been performed, have occurred, and/or have been waived.

26. Defendant's conduct has caused Plaintiffs to retain the services of the law firm of Insurance Litigation Group, P.A. in this action, and Plaintiffs are obligated to pay a reasonable fee for services rendered.

**COUNT I**
**BREACH OF CONTRACT**

27. Plaintiffs adopt, re-allege, and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

28. Plaintiffs bring this action for Breach of Contract.

29. Upon the issuance of the Policy, Plaintiffs and Defendant entered into a valid and enforceable agreement.

30. At all times pertinent hereto, Plaintiffs timely paid, and Defendant accepted consideration in the form of premium payments.

31. At all times material hereto, up to and including the Date of Loss, the Policy was in full force and effect.

32. Defendant breached the Policy by denying coverage for Plaintiffs' Claim and refusing to pay the insurance benefits due for the covered damage caused by Hurricane Milton.

33. As a direct and proximate cause of said breach, Plaintiffs have suffered, and continue to suffer, economic damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant on Count I, and award them compensatory damages in an amount to be determined at trial, pre- and post-judgment interest as provided by law, and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury of all issues so triable, as a matter of right.

DATED: August 18th, 2026.

Respectfully submitted,

*/s/ Michael Yaakov Katz*
Michael Yaakov Katz, Esq.
FL Bar No. 1024707
INSURANCE LITIGATION GROUP, P.A.
1500 NE 162nd Street
North Miami Beach, FL 33162
Telephone: (786) 529-0090
Facsimile: 866-239-9520
E-Mail: mkatz@ilgpa.com;
service@ilgpa.com
*Counsel for Plaintiffs*